IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

NOTICE OF MOTION

Case No. 19-CR-101-V

-V-

Hon. Michael J. Roemer
United States Magistrate Judge

RHYAN O. STEWART,

Defendant

LADIES AND GENTLEMEN:

PLEASE TAKE NOTICE that, upon the annexed affirmation of M. Kirk Okay,

affirmed under the penalties of perjury the 22d day of July 2019, the undersigned, on

behalf of the defendant above-encaptioned, will move this honorable court at a motion term

thereof to be held at the Robert H. Jackson United States Court House, 2 Niagara Square,

Buffalo New York, on the 26th day of August 2019 at 11 AM o'clock in the forenoon of

that day, or as soon thereafter as counsel may be heard, for an order granting omnibus relief as

more particularly described in the annexed Supporting Affirmation together with such other and

further relief as to the court seems just, proper and equitable within the premises extant.

DATED:  July 22, 2019
        at Buffalo, New York

Respectfully submitted,

M. Kirk Okay
*Counsel to Rhyan O. Stewart*

The Okay Law Firm
546 East Main Street
Post Office Box 622
Batavia, New York  14021-0622
Telephone: (585) 343-1515
E-Mail: mokay570@gmail.com

-2-

TO:      Hon. Michael J. Roemer
          United States Magistrate Judge
          United States District Court
          Western District of New York
          Robert H. Jackson United States Court House
          2 Niagara Square
          Buffalo, New York  14202

          Misha A. Coulson, Esquire
          Assistant United States Attorney
          Federal Centre
          138 Delaware Avenue
          Buffalo, New York  14202

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA

                                                  SUPPORTING AFFIRMATION

-V-

                                                  Indictment No. 19-CR-101

                                                  Hon. Michael J. Roemer
                                                  United States Magistrate Judge

RHYAN O. STEWART,

                      Defendant

---

WESTERN DISTRICT OF NEW YORK    )
STATE OF NEW YORK                )     SS.:
COUNTY OF GENESEE          )

       MEHMET K. OKAY, an attorney duly admitted to the practice of law in the United

States District Court for the Western District of New York, affirming under the penalties of

perjury pursuant to 28 USC Section 1746, declares to be true and states as follows:

       1.       He is duly assigned counsel pursuant to the Criminal Justice Act of 1964 to the

defendant above-encaptioned, and, as such, is fully familiar with the facts and circumstances

surrounding this federal felony prosecution.

       2.       He records this affirmation based upon his own personal knowledge, unless

such is indicated as being alleged upon information and belief, and as to those matters your

affirmant believes them to be true, the sources being the official court papers and proceedings

heretofore had herein.

       3.       The relief requested herein is consistent with the constitutional obligations

of counsel, and with the Federal Rules of Criminal Procedure.

       4.       Your affirmant submits this affirmation in support of the defense motion for

omnibus relief pursuant to Rule 12 of the Federal Rules of Criminal Procedure (F.R.Cr.P).

-2-

5.      The defendant was accused in a 15 May 2019 Indictment with the following

offenses in violation of the United States Code:

| | |
|---|---|
| **COUNT 1:** | **POSSESSION WITH INTENT TO DISTRIBUTE COCAINE**<br>**21 USC Section 841(a)(1) and 841(b)(1)(C);** |
| **COUNT 2:** | **MAINTAINING A DRUG-INVOLVED PREMISES**<br>**21 USC 856(a)(1);** |
| **COUNT 3:** | **FELON IN POSSESSION OF FIREARMS**<br>**18 USC SECTION 922(g)(1) and 924(a)(2);** |
| **FIRST FORFEITURE ALLEGATION:** | **UNITED STATES CURRENCY;** |
| **SECOND FORFEITURE ALLEGATION:** | **FIREARMS AND AMMUNITION;** |

6.      There are no co-defendants in this particular case.

**PROCEDURAL HISTORY**

7.      The moving defendant, Rhyan O. Stewart, resided at 2217 LaSalle Avenue in

the City of Niagara Falls, in the Western District of New York.

8.      The defendant resided there with his girlfriend.

9.      On 13 October 2017, the Niagara Falls Police Department (NFPD) received a

citizen complaint from an individual who claimed to also reside at 2217 LaSalle Avenue, in the

City of Niagara Falls, but who "...did not enjoy access to some of the rooms in the residence."

10.     The citizen complainant declared that that the moving defendant had secreted

a quantity of controlled substances in a basement area, and that two (2) firearms were located

inside a gas grill located in the back yard.

11.     NFPD entered the residence, ostensibly pursuant to the consent of another

individual who claimed to reside at 2217 LaSalle Avenue, and the moving defendant was

encountered asleep in his bedroom.

-3-

12.     A subsequent search of the residence and yard yielded a white powdery substance that was found on a shelving unit in the basement, and firearms, ammunition and six (6) MDMA tablets inside the gas grill.

13.     The moving defendant was taken into custody and transported to NFPD Headquarters where he allegedly waived his *Miranda* rights and made a statement to law enforcement admitting ownership of the narcotics, but denying any knowledge of the firearms and ammunition.

**I.     MOTION TO SUPPRESS TESTIMONY OF OUT-OF-COURT IDENTIFICATION OF THE MOVING DEFENDANT.**

14.     The defense has received no discovery from the Government relative to any out-of-court identifications made of the moving defendant by a victim or witness to law enforcement.

15.     The defense moves the court for an order directing the production of such evidence if it has not already been furnished to the defense in the spirit of voluntary discovery.

16.     The Supreme Court has held that testimony of an out-of-court identification will be suppressed under the Due Process Clause if the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States, 390 U.S. 377, 384 (1968); see also Stovall v. Denno, 388 U.S. 293, 301-02 (1967).*

17.     The defense would request a hearing, pursuant to the holding of the Supreme Court in *United States v. Wade, 388 U.S. 218 (1967),* to test whether or not any identification procedure utilized was impermissibly suggestive, and if so, to determine an independent basis for the identification.

18.     The defense specifically requests that the court conduct a bifurcated *Wade* hearing to determine first if the identification procedures utilized were unduly suggestive.

-4-

19.     Should the court make findings after an evidentiary hearing that the out-of-court identification procedure employed by law enforcement was unduly suggestive as a matter of law, it would then be the intention of the defense to further move the court to convene the second phase of the *Wade* inquiry to determine if the witness is able to identify the defendant based upon some independent source of knowledge.

20.     Should the court, after hearing proof, make findings that the out-of-court identification procedure used by law enforcement was not impermissibly suggestive, it is the understanding of the defense that the court will not proceed to the second stage of the *Wade* inquiry, which would necessarily involve the testimony of the identifying witness.

21.     The defense notes that no photo arrays or evidence of an out-of-court identification of the moving defendant have been received to date from the Government in the spirit of voluntary discovery, or otherwise.

22.     Should such evidence surface during the course of this lawsuit the defense reserves the right to move the court for further relief in connection with this Due Process issue.

## II.     MOTION TO SUPPRESS CUSTODIAL STATEMENT MADE TO LAW ENFORCEMENT.

23.     Under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* at 444, 86 S.Ct. 1602.

24.     Among the safeguards is the requirement that, prior to interrogation, the defendant be given, in substance, the following familiar warning:

> "...that [s]he has the right to remain silent, that anything [s]he says can be used against h[er] in a court of law, that [s]he has the right to the presence of an attorney, and that if [s]he cannot afford an attorney one will be appointed for h[er] prior to any questioning if [s]he desires."

*Id.* at 479, 86 S.Ct. 1602; see also *Rhode Island v. Innis,* 446 U.S. 291, 297, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (summarizing *Miranda*).

-5-

25.     The defense has received discovery concerning the administration of *Miranda* warnings by law enforcement at the NFPD Headquarters on 13 October 2017, and discovery concerning a custodial statement alleged to have been made by the moving defendant.

26.     In the spirit of voluntary discovery the defense is now respectfully moving the court to order disclosure of any custodial statement made by the moving defendant to law enforcement, or to any agent of law enforcement, federal or otherwise, in connection with this particular case, and a copy of the DEA Form 13 Advice of Rights that was initialed by Rhyan Stewart at the NFPD Headquarters, along with any video of the advice-of-rights session and interview, with audio.

27.     The defense is requesting an evidentiary hearing to test whether or not the alleged custodial statement of Rhyan Stewart to the NFPD was the product of knowing, voluntary and intelligent action.

28.     The defense is filing a Standing Affidavit in connection with this issue and request for relief.

**III.     MOTION TO SUPPRESS EVIDENCE GAINED DURING THE SEARCH OF 2217 LASALLE AVENUE IN THE CITY OF NIAGARA FALLS.**

29.     As noted *supra,* NFPD claims to have received consent to enter and search 2217 LaSalle Avenue in the City of Niagara Falls from an individual who stated that they also resided at that address.

30      According to NFPD, however, this individual qualified their consent by stating that they "...did not enjoy access to some of the rooms in the residence."

31.     A subsequent search located narcotics in a basement area and in a gas grill in the rear yard.

32.     Firearms and ammunition were also recovered from the rear yard grill during the search.

-6-

33.     The defense is requesting an evidentiary hearing to determine the scope of the consent to search that was ostensibly given by the unnamed resident of 2217 LaSalle Avenue, and the scope of the area that was subsequently searched by law enforcement at that address pursuant to that consent.

34.     The defense is filing a standing affidavit in connection with this issue and request for relief.

### IV.     MOTION FOR BILL OF PARTICULARS PURSUANT TO F.R.CR.P. RULE 7(f).

35.     Pursuant to F.R.Cr.P. Rule 7(f), the moving defendant requests the following particulars from the government:

- Is the moving defendant a principal, an accomplice, or a complicitor as well as a co-conspirator?

- The names of the law enforcement officers who were present when the moving defendant executed the Advice of Rights form on 13 October 2017 at the NFPD Headquarters in the City of Niagara Falls in the Western District of New York.

- A physical description of 2217 LaSalle Avenue in the City of Niagara Falls and of the rear yard where the gas grill was located.

- A statement as to whether or not 2217 LaSalle Avenue in the City of Niagara Falls is a single family dwelling.

- A statement as to which rooms in the residence located at 2217 LaSalle Avenue were not accessible to all residents of that dwelling.

- A description of how the firearms, ammunition and narcotics were concealed in the gas grill.

- A description of how the cocaine was hidden on the shelving unit located in the basement of 2217 LaSalle Avenue, at the bottom of the stairs.

- The color of the MDMA tablets located in the gas grill.

- A statement as to whether all of the residents of 2217 LaSalle Avenue had access to the back yard and to the gas grill.

-7-

### V.    MOTION TO DISCLOSE PLEA AGREEMENTS

36.    The defense moves the court to compel the Government to disclose any and all

plea agreements, written and/or unwritten, between the Government and any witness, informant

and/or co-defendant/co-conspirator herein.

### VI.   MOTION TO DISCLOSE INFORMATION REGARDING CONFIDENTIAL INFORMANTS

37.    The defense, pursuant to F.R.Cr.P. 16 and pursuant to the holding of

the United States Supreme Court in *Rovario v. United States, 353 U.S. 53 (1957)* moves the court

for an order compelling the Government to disclose whether or not so-called confidential

informants, confidential sources, cooperating witnesses or undercover agents of the United States

of America, or of other law enforcement agencies, have, or are providing information in the

investigation and/or prosecution of this case, identifying specifically:

       A.    The roles of said individuals;

       B.    The dates those individuals cooperated and provided information;

       C.    To whom said information was provided;

       D.    The nature and detail of said information.

38.    Disclosure of the identity(ies) of confidential informants and cooperating

witnesses, and other pertinent information, as well as any statements made by them, is necessary

and material to the preparation of the defense for trial.

39.    The defense submits that confidential informants and cooperating witnesses

in any case are not only key participants or witnesses in any conspiracy charged, but they are

frequently the sole source of the testimony that will be the most significant, if not the dispositive,

factor in the determination of guilt or innocence relative to any conspiracy charged by

indictment.   *United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988).*

-8-

## VII.   MOTION TO DETERMINE THE EXISTENCE OF CONFIDENTIAL INFORMANT(S) OR SOURCES AND TO COMPEL DISCLOSURE OF INFORMATION RELATING THERETO

40.   Consistent with the relief being requested relative to the existence of

confidential informants and cooperating witnesses, the defense, pursuant to F.R.Cr.P. Rule 16,

moves this court to compel the Government to disclose the existence of the following:

A.   Whether or not, before, during or after the investigation conducted in this case, the Government, or any of its agents, utilized information from so-called confidential informants, confidential sources, cooperating individuals, *"tipsters,"* or any other individuals for, or on behalf of, the United States of America, or any other law enforcement agencies which have provided, or are providing, information in connection with the investigation of the above-referenced case;

B.   To whom said information has been, or is being provided to, including the identity of the receiving agency and the name(s) of the individuals to whom said information was given;

C.   The exact nature and detail of the information, including whether or not the information is corroborated in any manner by other information known to the Government, or any of its agencies, and if so, the nature and detail of said corroborating information;

D.   Whether or not confidential informants, sources, cooperating individuals, "tipsters," or other individuals are:

1.   Participants in the crimes alleged; or

2.   Witnesses to any inculpatory acts or statements attributed to the defendant in connection with an act or statement during the course of, or in furtherance of, any conspiracy alleged herein; or

3.   Responsible for the introduction of the defendant to any agent of the Government, including, but not limited to, the DEA, FBI or any other federal, state or local law enforcement agency;

4.   Relied upon by the Government for any purpose in the prosecution of the defendant.

E.   Whether or not any so-called confidential informants, sources, cooperating individuals, *"tipsters,"* or other undercover agents of the Government are unindicted co-conspirators herein;

-9-

F.    Whether or not any so-called confidential informants, sources, cooperating individuals, *"tipsters,"* or other undercover agents of the Government have previously cooperated with any local, state or federal law enforcement agencies providing:

    1.    Case name(s);

    2.    Case number(s);

    3.    Nature and extent of testimony provided at any trial, hearing or other proceeding.

G.    Whether or not any so-called confidential informants, sources, cooperating individuals, *"tipsters,"* or other undercover agents of the Government were supervised or monitored in their activities in the instant case and if so provide:

    1.    The name(s) and address(es) of the supervisor(s);

    2.    The name(s) and address(es) of the supervising agency(ies).

H.    The record of prior arrests and/or convictions of any confidential informant, source, cooperating individual, *"tipster,"* or other undercover agent of the Government;

I.    The content of any and all written or oral statements of any confidential informant, source, cooperating individual, *"tipster,"* or other undercover agent of the Government including the content of any memorandum documenting interviews with said;.

J.    Whether or not any confidential informant, source, cooperating individual, *"tipster,"* or other undercover agent of the Government has been paid monies by the Government, or by any of its agents or agencies including:

    1.    The reason for said payment(s);

    2.    The amount of said payment(s);

    3.    Any other promises, inducements or incentives made to said individuals by any representative of any local, state, or federal governmental agency.

K.    The identity by name, address, birth date and official identification number of any and all confidential informants, sources, cooperating individuals, *"tipsters,"* or other undercover agents of the Government who were:

    1.    Participants in the crimes alleged;

-10-

2.      Witnesses to inculpatory acts or statements
        attributed to the defendant or any co-defendant or
        co-conspirator;

3.      The present whereabouts of said individual(s).

**VIII.   MOTION TO OBTAIN GOVERNMENT WITNESS LIST IN ADVANCE
OF TRIAL AND TO INTERVIEW PROSPECTIVE GOVERNMENT
WITNESSES.**

41.     The defense moves the court for an order requiring the Government to:

A.      Timely furnish to defense counsel a list containing the names and
        addresses of those individuals whom the Government intends to
        call at any hearing, or at the trial of this lawsuit;

B.       To allow the defense an opportunity to interview all prospective
        witnesses known to the Government.

**IX.     REQUEST OF DEFENDANT FOR RULE 16 DISCOVERY**

42.     To the extent same has not already been produced to the defense in the spirit

of voluntary discovery, the defense, pursuant to F.R.Cr. P. Rule 16 requests the Government to

disclose and to permit defense counsel to inspect, copy and photograph the following:

A.      Any written or recorded statements made by the defendant, or copies
        thereof, within the possession, custody or control of the Government,
        the existence of which is known, or by the exercise of due diligence,
        may become known to the Government;

B.      Any written record, or portions thereof, containing the substance
        of any relevant oral statement made by the defendant, whether before
        or after arrest, in response to any interrogation by any person then
        known to the defendant to be a Government agent;

C.      Any recorded testimony of the defendant before a relevant Grand Jury;

D.      The substance of any other relevant oral statement made by the
        defendant whether before or after arrest, in response to any
        interrogation by any person then known to the defendant to be
        a Government agent if the Government intends to use that
        statement at trial;

E.      The defendant's prior criminal record;

F.      All books, papers, documents, photographs, tangible objects
        buildings, places, or copies or portions thereof which are within
        the possession, custody or control of the Government, and which
        are material to the preparation of the defense, or are intended

-11-

for use by the Government as evidence-in-chief at trial, or which were obtained from or belong to the defendant.

G.    Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government, and which are material to the preparation of the defense, or are intended for use by the Government as evidence-in-main at trial.

H.    All relevant 302's and FBI reports;

I.    All AUDIBLE and inaudible tapes and transcripts related to the instant charges, specifically, or referring to the defendant or containing his voice or likeness.

## X.    MOTION FOR DISCLOSURE OF IMPEACHING EVIDENCE

43.    The defense moves this court for an order directing the Government to make inquiry and to disclose all of the following in the possession, custody or control of the Government, the existence of which is known, or which could become known to the Government:

A.    Any and all records and information revealing felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the Government, including but not limited to *"rap sheets"*;

B.    Any and all records and information revealing prior misconduct or bad acts attributed to the witness;

C.    Any and all consideration or promises of consideration given to or on behalf of the witness including, but not limited to:

    1.    Criminal, civil or tax immunity grants;

    2.    Assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, administrative or other legal dispute with the Government or any other parties;

    3.    Payments of money or fees, witness fees and special witness fees;

    4.    Provision of food, clothing, shelter, transportation or other like benefits;

    5.    Placement in the *"witness protection program"*;

-12-

6.  Anything else which could arguably reveal an interest or bias in the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony;

D.  Any and all criminal prosecutions, investigations or potential prosecutions pending, or which could be brought against the witness;

E.  Any probationary, parole or deferred prosecution status of the witness;

F.  Any civil, tax court, court of claims, administrative or other pending or potential legal dispute(s) or transaction(s) with a Governmental agency;

G.  The existence and identification of each occasion on which the witness has testified before any court, grand jury or other tribunal or body, or otherwise narrated in relation to the defendant, the instant investigation, or the facts of this case;

H.  The existence and identification of each occasion on which each witness who is an informer, accomplice, co-conspirator or expert has testified before any court, grand jury or other tribunal or body;

I.  Any and all personnel files for the witness and the existence and identity of all Government files for the witness;

J.  The same records and information requested in A *supra* with respect to each non-witness declarant whose statements are offered in evidence.

K.  Any other evidence that falls within the purview of Federal Rules of Evidence 608 and 609.

-13-

**XI.  MOTION OF DEFENDANT CONCERNING ELECTRONIC SURVEILLANCE**

44.    To the extent not already disclosed, the defense moves this court for an order compelling the Government to disclose the existence and duration of any and all electronic eavesdropping, wiretapping, and/or other electronic surveillance of any kind whatsoever, including, but not limited to: oral, wire or electronic communications as defined in 18 USC Section 2510 *et seq.*; audio, visual, electronic homing or tracking devices, pen registers, *"body bug,"* surveillance, *"room bug"* and *"trap traces"* which may have occurred in connection with the investigation of this case, or in related investigations, and which may have been conducted by federal, state or local governmental officers, and which capture the voice of the defendant.

45.    If said electronic eavesdropping, wiretapping and/or other electronic surveillance did take place, the defense reserves its right to supplement this application with a particularization of the items the defense would require to be produced by the Government for inspection, copying and/or photographing.

**XII.  MOTION FOR NON-ELECTRONIC SURVEILLANCE INFORMATION**

46.    The defense moves this court pursuant to F.R.Cr.P. Rule 16 (a)(1)(C) for an order directing the Government to furnish the defendant with the following information:

A.    Affirmance or denial as to whether there has been or continues to be any non -electronic surveillance of the defendant by any federal, state or local law enforcement agency in this case, or by any federally-affiliated agency;

B.    Preservation of any reports, documents, notes or other records relating to any non-electronic surveillance of the defendant.

**XIII.  MOTION TO COMPEL PRODUCTION OF STATEMENTS OF WITNESSES WHO WILL NOT BE CALLED AT TRIAL**

47.    The defense moves this court for an order requiring the Government to produce any interview memoranda and reports made from interviews with witnesses whom the Government has determined not to call at the trial of the case-in-main, a case- in- rebuttal, or otherwise.

-14-

48.     This request does not go to those reports of interviews or statements made by prospective Government witnesses that would be covered by the provisions of 18 USC Section 3500 and Rule 16(a)(2) of the F.R.Cr.P.

### XVI.   MOTION FOR IN-CAMERA INSPECTION OF INTERNAL AFFAIRS FILES AND FOR PRODUCTION OF EXCULPATORY DATA

49.     The defense respectfully moves this court to enter an order requiring the Government to produce the personnel files and Internal Affairs files of all representatives of law enforcement agencies, state and federal, who will testify in this case for an in-camera inspection by the court, and to further enter an order requiring the disclosure and production to the defense of those parts of the Internal Affairs files and personnel files which bear on the credibility of any police or governmental agent witness.

### XV.    MOTION FOR DISCLOSURE OF EVIDENCE THE GOVERNMENT INTENDS TO RELY UPON AT TRIAL PURSUANT TO FRE 404(b) AND 807 (RESIDUAL EXCEPTION TO THE HEARSAY RULE)

50.     The defense moves the court, pursuant to F.R.Cr.P. Rule 12 (b)(4)(B) and Federal Rules of Evidence 404(b) and 807, for an order directing the Government to provide notice of its intention to use evidence at trial including, but not limited to; seized tangible objects, documents, statements or other evidence which may be utilized for any purpose.

### XVI.   MOTION OF DEFENDANT FOR *BRADY/GIGLIO* MATERIALS

51.     The defense moves this court for an order compelling the United States of America to produce to the defendant the following information, whether in the actual or constructive possession of the Government:

> A.     All evidence favorable to the defendant on the issues of guilt, innocence or punishment without regard to materiality;

> B.     The names, addresses and telephone numbers of any persons who have given information favorable or exculpatory to the defendant and any writing, recordings or photographs relating thereto;

> C.     The names and addresses of those persons interviewed by law enforcement (local, state or federal) in the course of its

-15-

investigation whom the Government does not intend to call as witnesses;

D. The names and addresses of all persons known to the Government who have some knowledge of the facts of this case and who will not be called by the Government as witnesses at trial;

E. Criminal records of all persons the Government may call as witnesses at trial or at any hearing to be conducted in this case;

F. All records and information revealing prior misconduct or bad acts, including the names and addresses of witnesses to same, attributed to any person the Government may call as a witness at trial, or at any hearing in this case, including, but not limited to:

 1. Illegal drug or narcotic usage;

 2. Acts of physical violence or threats of physical violence to any person by any prospective witness(es);

 3. Acts of perjury, or of suspected perjury, by any such prospective witness(es);

 4. Military records of any such prospective witness(es) which disclose prior misconduct, A.W.O.L, court-martial or other records;

G. All evidence relating to threats, whether express or implied, made to any person in an effort, whether successful or not, to obtain the testimony of any individual in this cause against the defendant, including:

 1. Criminal prosecutions;

 2. Investigations;

 3. Potential prosecutions pending;

H. All information, whether written, recorded, photographic or otherwise, relating to offered "bargains", inducements or other offers (whether consummated or not) to any person who may be called as a witness by the Government in this cause;

I. Production of records of all funds paid by the Government (federal, state or local) to any persons, including confidential informants, in this case;

J. All information, including writings and recordings, about any recommendations or efforts by any representative of the Government (federal, state or local) to obtain or to facilitate the release from jail, prison, or other place or form of custody or incarceration (including

-16-

pre-conviction or post-conviction bail or securing order recommendations) of any potential witness to be called by the Government;

K.      Any and all consideration, or promises of consideration, and the dates thereof, given to or on behalf of any potential witness to be called by the United States of America, and all records pertaining thereto, including, but not limited to:

1.      Criminal, civil or tax immunity grants;

2.      Relief from forfeitures;

3.      Assistance or favorable treatment or recommendations with respect to any criminal prosecutions, investigations, or potential prosecutions pending which could be brought;

4.      The probationary, parole or deferred prosecution status of any witness;

5.      Any civil, tax (state or federal), administrative, forfeiture or other pending or potential legal dispute or transaction with federal, state or local governments;

6.      Special witness fees;

7.      Provision of food, clothing, shelter, transportation or other like benefits;

8.      Placement in a *"witness protection program"*;

9.      Favorable treatment within any prison or jail, whether local, state or federal;

10.     Each occasion on which each potential witness expected to be called by the Government has testified before any court, grand jury or other body or tribunal regarding the facts and circumstances of this case;

11.     Identification, by date and name(s) of participants, of those occasions upon which each potential witness whom the Government intends to call as a witness, and who is not a law enforcement officer, has been *"de-briefed"* or interviewed by any agent or attorney of the United States of America relative to this investigation and prosecution;

12.     Identification and disclosure of any mental disorder or psychiatric or psychological history of any person that the United States of America anticipates calling as a witness in this case, including alcohol addiction or dependency in any form, including co-dependency.

-17-

XVII.      MOTION TO COMPEL PRODUCTION OF MENTAL
           HEALTH RECORDS AND EVALUATIONS OF ANY
           GOVERNMENT WITNESS.

52.     The defense moves this court for the entry of an order, pursuant to F.R.Cr.P.

Rule 16(a)(1)(D) compelling the Government to produce to the defendant mental health

records and evaluations of any witness for the Government, including all psychiatric and

psychological evaluations, tests or reports.

53.     Particulars requested include, but are not limited to, the following:

A.      The name(s) and address(es) of the psychiatric hospital or other
        in-patient or out-patient receiving facility wherein consultation
        and/or treatment occurred;

B.      The name(s) and address(es) of any treating physician, psychologist or
        psychiatrist affiliated with the care of the patient/witness;

C.      The nature, extent, duration and situs of any treatment, in or
        outpatient care;

D.      The specific name(s) of any and all psychotropic, mind-altering or
        controlled substances used in connection with the treatment of the
        patient/witness;

E.      The exact diagnosis at the time of treatment, including any reference
        to the relevant portions of the Diagnostic and Statistical Manual of
        Mental Disorders (DSM-V);

F.      The current mental condition of the patient/witness as well as the
        nature and course of any current treatment as well as diagnosis
        thereof;

G.      Any and all documentation concerning any civil commitment
        proceedings or mental health warrant(s) instituted by or against
        the patient/witness, and a description of all health commitment
        procedures initiated.

XVIII.     MOTION FOR DISCLOSURE OF MAIL COVER.

54.     The defense moves for an order of disclosure revealing to the defendant

whether or not any mail or other correspondence sent to or by the defendant, any co-conspirator

(indicted or otherwise), or to the defendant's counsel, both past and present, through the

-18-

United States Postal Service, or otherwise, has been or is now being intercepted or otherwise inspected.

55.     If said mail cover has occurred or does exist, request is hereby made for the following information relative thereto:

        A.     Its full extent and duration;

        B.     The circumstances under which it was instituted, including the names and positions of all persons who authorized it;

        C.     The procedure(s) under which it was instituted including the names, addresses, telephone numbers and social security numbers of all persons involved therein;

        D.     The purported justification for its institution;

        E.     The information it produced;

        F.     The name(s) and positions of all persons to whom such information was transmitted, and date(s) of all transmissions;

        G.     The use of such information.

**XIX.**     **MOTION TO COMPEL EARLY DISCLOSURE OF GRAND JURY TESTIMONY.**

56.     The defense moves for an order to compel the Government to disclose and produce to the defendant the following information pertaining to the ministerial procedures followed by the indicting grand jury:

        A.     Each date that testimony was presented to the grand jury that voted for the indictment in this case;

        B.     The attendance records for each day that grand jury was in session;

        C.     The grand jury voting records;

        D.     Copies of records setting forth the date on which, and method by which, the grand jury was impaneled;

        E.     Information indicating whether the proper procedures for filing a superseding indictment, if applicable, were followed.

-19-

**XX.          MOTION OF DEFENDANT TO ORDER GOVERNMENT
               TO TRANSCRIBE ALL GRAND JURY TESTIMONY.**

57.     The defense moves this court for an order requiring the Government

to cause all grand jury testimony in this case to be transcribed pursuant to the

authority of *Brady v. Maryland, 373 U.S 83 (1963)*, and its progeny.

**XXI.         MOTION TO ALLOW INSPECTION OF ALL EVIDENCE
               SUBPOENAED OR PRESENTED TO THE INDICTING
               GRAND JURY HEREIN.**

58.     The defense moves this court for an order, pursuant to F.R.Cr.P. Rule 6, 12

and 16, authorizing the defendant to view and inspect all of the documents and tangible evidence

subpoenaed and/or presented to the grand jury that returned the indictment in this case.

**XXII.         MOTION FOR EARLY PRODUCTION OF *JENCKS ACT
                MATERIAL.***

59.     The defense moves this court, pursuant to 18 USC Section 3500, and

F.R.Cr.P. Rule 2, 12, 16 and 57(b), for an order requiring the Government to produce

statements and reports of witnesses the Government intends to call at the trial of this lawsuit,

or at any pre-trial hearing(s), sufficiently in advance of such trial or hearing to permit adequate

defense preparation and use of said statements and reports without an interruption of the

proceedings before the court, or the need to request a continuance.

**XXIII.        MOTION FOR IDENTIFICATION AND ASSURANCE
                OF PRODUCTION OF MATERIALS WHICH ARE
                QUESTIONABLY CONSIDERED TO BE *"JENCKS ACT
                MATERIAL."***

60.     The defense moves this court for an order requiring the identification and

assurance of production by the Government of those witness interviews, agent notes and

communications which may not fall directly within the purview of the 18 USC Section 3500

statutory definition of a *"statement,"* but which may otherwise be considered *"Jencks Act

Material"* under the statute.

-20-

61.     The defense request contemplates, but is not limited to, the following:

A.      Communication from a Government witness to a Government agent, whether same is an investigatory agent, or a United States Attorney;

B.      Communications made by electronic recording or another type of mechanical, electronic or electrical means;

C.      Communications between confidential informants and any Government agent or United States Attorney;

D.      Notes, memoranda and/or reports of interviews by any Government agent, whether federal, state or local, with any witness, including, but not limited to, confidential informants, for the purpose of permitting a knowledgeable proffer at the appropriate time and/or for the court to examine such materials.

**XXIV.      MOTION TO LIMIT THE INTRODUCTION OF CO-CONSPIRATOR'S DECLARATIONS.**

62.     The defense moves this court, pursuant to F.R.Cr.P. Rule 104 and Federal Rule of Evidence 801, for a limitation pretrial of each alleged statement attributable to any alleged co-conspirator, indicted or otherwise, which the Governments intends to introduce in its case-in-main, in rebuttal, or otherwise at the trial of this lawsuit.

63.     The defense would request a pre-trial hearing, or a hearing outside of the presence of the jury, to determine the existence of sufficient indicia of reliability in any co-conspirator statement(s).

**XXV.      MOTION FOR PRETRIAL DISCLOSURE OF CO-CONSPIRATOR STATEMENTS AND STATEMENTS OF DEFENDANT TO THIRD PARTIES.**

64.     The defense moves, pursuant to F.R.Cr.P. Rule 12(b) and 16(a)(1)(A) and (d) and pursuant to Federal Rule of Evidence 801(d)(2)(E), for an order requiring the Government to disclose the following information:

A.      Statements of any alleged co-conspirators, whether or not indicted herein, which concern activities conducted or statements made during the course of and in furtherance of any conspiracy in which the declarant and the defendant allegedly were members, and which the Government intends to offer in evidence at trial.

-21-

B.    Statements of the instant defendant the Government intends to offer in evidence at trial, allegedly made to a third party, who then made a statement to the Government in which the defendant's statement is attributed and included in the third party's statement.

XXVI.   **MOTION FOR SEPARATE PRETRIAL HEARING REGARDING EXISTENCE OF CONSPIRATORIAL AGREEMENT PRIOR TO THE ADMISSION OF CO-CONSPIRATORIAL HEARSAY PURSUANT TO THE PROVISIONS OF FEDERAL RULE OF EVIDENCE 801(b)(2)(E).**

65.    The defense moves this court for the entry of an order requiring the United States of America to present any and all evidence tending to establish the existence of a conspiracy herein at a separate, pre-trial hearing where the burden of proof shall be by a preponderance of the evidence.

XXVII.   ***BRUTON* REQUEST AND RESERVATION OF RIGHT TO MAKE EVIDENTIARY APPLICATION *IN LIMINE.***

66.    In the event co-defendant or co-conspirator statements inculpatory to the moving defendant are introduced at the trial of the case-in-main, case-in- rebuttal, or otherwise, the defense reserves the right to move pursuant to the authority of *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S. Ct. 1620 (1968), for an order directing the Government to redact those portions of any oral or written statement(s) or confession(s) of any non-testifying co-defendants that may inculpate, or which may arguably prove to be inculpatory, to the moving defendant prior to their admission at any pre-trial hearing, or at the trial itself.

67.    If sufficient redaction cannot be accomplished, the defense reserves the right to move for severance on this separate and independent basis.

XXVIII.   **MOTION FOR SEVERANCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE RULE 14(a).**

68.    The defense reserves its right to move for severance before the District Court Judge after such time as the Government moves to set a trial date and the parameters of the trial become apparent to the parties, or at earlier time as the court shall direct.

-22-

**XXIX.**    **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS, IF DEEMED NECESSARY, AFTER THE COURT HAS RULED ON THE PENDING APPLICATION AND AFTER DISCOVERY HAS BEEN COMPLETED.**

69.    The defense moves for leave of the court to serve and file additional motions, including a motion for severance before the Article III judge, if necessary after the trial parameters become apparent to the parties, and to amend this application after such time as the court has ruled on the instant requests for relief if same is deemed necessary during the preparation and conduct of the defense.

**XXX.**    **MOTION FOR JOINDER**

70.    The moving defendant respectfully requests leave of the court to join fully in the motions that were filed by the co-defendant in this action as they may impact the instant moving defendant, in particular with regard to suppression and the existence of a conspiracy.

WHEREFORE, your affirmant, on behalf of the defendant herein, respectfully requests an order granting the omnibus relief specifically requested herein, together with such other and further relief as to this court seems just, proper and equitable within the premises.

DATED:    July 22, 2019
        at Buffalo, New York

 

M. Kirk Okay
*Counsel to Rhyan O. Stewart*

The Okay Law Firm
546 East Main Street
Post Office Box 622
Batavia, New York 14021-0622
Telephone (585) 343-1515
email: mokay570@gmail.com


TO:    Hon. Michael J. Roemer
      United States Magistrate Judge
      United States District Court
      Western District of New York
      Robert H. Jackson United States Court House
      2 Niagara Square
      Buffalo, New York  14202

-23-

Misha A. Coulson, Esquire
Assistant United States Attorney
Federal Centre
138 Delaware Avenue
Buffalo, New York  14202

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

AFFIRMATION OF SERVICE

-V-

Case No. 19-CR-101-V

RHYAN O. STEWART

Defendant

MEHMET K. OKAY, an attorney duly admitted to the practice   of law in the United States District Court fir the Western District of New York, affirming under the penalties of perjury pursuant to 28 USC Section 1746, declares to be true and states as follows:

I am over the age of eighteen years and not a party to this action. I reside in Batavia, New York.  On the 22nd day of July 2019 I filed the annexed NOTICE OF MOTION AND SUPPORTING AFFIRMATION in the above-styled and numbered cause upon the following:

MISHA A. COULSON, ESQUIRE
ASSISTANT UNITED STATES ATTORNEY
FEDERAL CENTRE
138 DELAWARE AVENUE
BUFFALO, NEW YORK  14202

via the CM/ECF System.

DATED:   July 22, 2019
         at Buffalo, New York

M. Kirk Okay
*Counsel to Rhyan O. Stewart*

The Okay Law Firm
546 East Main Street
Post Office Box 622
Batavia, New York 14021-0622
Telephone (585) 343-1515
E-Mail: mokay570@gmail.com