UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 18 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

v.                                                    19-cr-101-LJV-MJR

RHYAN STEWART a/k/a COUNTRY,                          DECISION AND ORDER

Defendant.

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 52).

## BACKGROUND

On May 14, 2019, a federal grand jury in the Western District of New York returned an indictment charging Rhyan Stewart ("defendant") with: (Count 1) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (Count 2) maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1); and (Count 3) felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. No. 50). The indictment also contains two forfeiture allegations: 1) for an indeterminate monetary amount pursuant to 21 U.S.C. §§ 853(a)(1); and (2) for three firearms pursuant to 18 U.S.C. §§ 924(d) and 3665 and 28 U.S.C. § 2461(c). *Id.*

On July 22, 2019, the Defendant filed pretrial motions (Dkt. No. 56). The Government filed its response and included a request for reciprocal discovery on August 5, 2019. (Dkt. No. 57). The Court held oral argument on the pretrial motions on August 26, 2019. (Dkt. No. 58). At the August 26, 2019 oral argument, the Defendant withdrew

his three suppression motions, Motions 1-3 in the omnibus discovery motion.[1] The Court acknowledged the withdrawal and accepted the remainder of the motions for decision. (Dkt. No. 58).

On September 3, 2019, a federal grand jury in the Western District of New York returned a superseding indictment charging the defendant with: (Count 1) conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846; (Count 2) attempt to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; (Count 3) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (Count 4) maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1); and (Count 5) felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. No. 59). The superseding indictment also contains two forfeiture allegations: 1) for an indeterminate monetary amount pursuant to 21 U.S.C. §§ 853(a)(1); and 2) for three firearms pursuant to 18 U.S.C. §§ 924(d) and 3665 and 28 U.S.C. § 2461(c). *Id.*

On September 10, 2019, the Court arraigned the defendant on the superseding indictment. (Dkt. No. 61). The defense requested that the Court hold the pretrial motions in abeyance while it determined whether it would file additional motions in light of the superseding indictment. *Id.* The Court scheduled a status conference for September 24, 2019 for the defense to report back on whether it would file additional motions. *Id.* On

---

[1] 1) Motion to Suppress Testimony of Out-of-Court Identification of the Moving Defendant; 2) Motion to Suppress Custodial Statement Made to Law Enforcement; and 3) Motion to Suppress Evidence Gained During the Search of 2217 LaSalle Avenue in the City of Niagara Falls.

September 24, 2019, the defense advised it would file no further motions and the Court accepted the pretrial motions for decision. (Dkt. No. 62).

Before the Court are the defendant's remaining pretrial motions:[2] 4) Motion for Bill of Particulars Pursuant to Federal Rule of Criminal Procedure ("Fed R. Crim. P.") Rule 7(f); 5) Motion to Disclose Plea Agreements; 6) Motion to Disclose Information Regarding Confidential Informants; 7) Motion to Determine the Existence of Confidential Informant(s) or Sources and to Compel Disclosure of Information Relating Thereto; 8) Motion to Obtain Government Witness List in Advance of Trial and to Interview Prospective Government Witnesses; 9) Request of Defendant for Rule 16 Discovery; 10) Motion for Disclosure of Impeaching Evidence; 11) Motion for Electronic Surveillance; 12) Motion for Non-Electronic Surveillance Information; 13) Motion to Compel Production of statements of Witnesses Who Will Not Be Called at Trial; 14) Motion for In-Camera Inspection of Internal Affairs Files and For Production of Exculpatory Data; 15) Motion for Disclosure of Evidence the Government Intends to Rely Upon at Trial Pursuant to Federal Rules of Evidence ("Fed. R. Evid.") 404(b) and 807 (Residual Exception to the Hearsay Rule); 16) Motion of Defendant for *Brady/Giglio* Materials; 17) Motion to Compel Production of Mental Health Records and Evaluations of Any Government Witness; 18) Motion for Disclosure of Mail Cover; 19) Motion to Compel Early Disclosure of Grand Jury Testimony; 20) Motion of Defendant to Order Government to Transcribe All Grand Jury Testimony; 21) Motion to Allow Inspection of all Evidence Subpoenaed or Presented to the Indicting Grand Jury; 22) Motion for Early Production of *Jencks Act Material*; 23) Motion for Identification and Assurance of Production of Materials Which are

---

[2] For purposes of simplicity, this decision and order will continue to identify the remaining motions by the numbers assigned to the motion in defendant's omnibus motion papers.

Questionably Considered to be *Jenks Act Material*; 24) Motion to Limit the Introduction of Co-Conspirator's Declarations; 25) Motion for Pre-Trial Disclosure of Co-Conspirator Statements and Statements of Defendant to Third Parties; 26) Motion for Separate Pretrial Hearing Regarding Existence of Conspiratorial Agreement Prior to the Admission of Co-Conspiratorial Hearsay Pursuant to Provisions of Federal Rule of Evidence ("Fed. R. Evid") 801(b)(2)(E); 27) *Bruton* Request and Reservation of Right to Make Evidentiary Application *In Limine*; 28) Motion for Severance Pursuant to Federal Rule of Criminal Procedure Rule 14(a); 29) Motion for Leave to File Additional Motions If Deemed Necessary, After the Court Has Ruled on the Pending Application and After Discovery has been Completed; and 30) Motion for Joinder. (Dkt. No. 56). The Government also has filed a motion for reciprocal discovery. (Dkt. No. 57 at 42-43).

## DISCUSSION

As previously noted, the defense has withdrawn Motions 1-3. They are not considered here and no report and recommendation will be made to the District Court Judge. The remaining motions (motions 4-30) together with the Government's motion will now be considered.

Motion 4: *Motion for Bill of Particulars Pursuant to Fed R. Crim. P. Rule 7(f)*

Defendant moves for a bill of particulars pursuant to Fed R. Crim. P. 7(f). (Dkt. No. 56 at 8). Fed. R. Crim. P. 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may

not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the Defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (SDNY 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to Defendant." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). It is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

The charges here are neither complex nor difficult to understand. Counts 1 and 2 of the superseding indictment state that Defendant conspired with both known and unknown individuals to possess and attempt to possess 5 kilograms or more of cocaine with the intent to distribute cocaine. Count 3 charges defendant with possession of that cocaine with the intent to distribute it. Court 4 of that indictment identifies the address of the premises. Count 3 lays out in detail the underlying felony as well as specific descriptions of both firearms. The two forfeiture allegations identify the money and the items the Government seeks in forfeiture. The specific information Defendant requests for inclusion in a bill of particulars is information that he can obtain through traditional discovery tools. For these reasons, Defendant's motion for a bill of particulars is DENIED.

Motions 5 and 16: *Motion to Disclose Plea Agreements and for Brady and Giglio Material (Including Plea Agreements)*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady*, *Giglio* and their progeny. (Dkt. No. 56 at ¶ 51). Defendant's

motion to disclose plea agreements falls under defendant's request for *Giglio* material. (Dkt. No. 56 at ¶ 36).

The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the Government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

The Government indicates that it has disclosed all *Brady* material in its possession and acknowledges its continuing duty under *Brady* to produce such material, if and when it is made aware of it. Given these representations, Defendant's motion to compel the production of *Brady/Giglio* material is DENIED. Consistent with *Coppa*, the Government shall continue to timely disclose any *Brady* and *Giglio* material to the defendant that it

should become aware of as this case progresses. *See United States v. Padovani*, No. 14-CR-00224, 2016 WL 5402696, at *4 (WDNY Sept. 28, 2016).

Motions 6 and 7: <u>*Motion to Disclose Information Regarding Confidential Informants and to Determine the Existence of Confidential Informant(s) or Sources and to Compel Disclosure of Information Relating Thereto*</u>

Defendant makes two motions regarding the disclosure of information relating to confidential informants. The first motion requests general disclosure of information regarding confidential informants. (Dkt. No. 56 at ¶¶ 37-39). The second motion seeks to determine the existence of confidential informant(s) or sources and to compel disclosure of information relating to those informants. (Dkt. No. 56 at ¶ 40). Specifically, the Defendant seeks disclosure of an extensive list of items related to the use of confidential informants or witnesses the Government used in the course of its investigation. (Dkt. No. 56 at ¶¶ 37-40). The Defendant also seek all potential impeachment material as to Government informants, including any files kept by law enforcement with respect to these individuals. The Government objects to this request on the grounds that the Defendant have not shown a particularized need for the information.

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). However, the informant's privilege must give way if disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is

significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendant has not met this heavy burden with respect to early disclosure of informant identities. He does not offer examples of specific testimony or information these informants might provide. Instead, Defendant simply asks for the information without explaining the reason for the request. If and when the informants are to be called as witnesses at trial, the Defendant will have access to their identities as well as all relevant impeachment material, prior statements and notes of their interviews. In addition, if the informants reveal exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, Defendant's motions for disclosure of informant identities are DENIED.

Motion 8: *Motion to Obtain Government Witness List in Advance of Trial and to Interview Prospective Government Witnesses*

Defendant moves for an order requiring the Government to 1) timely furnish the defense a list of names and addresses of any individual the Government intends to call at trial; and 2) allow the defense an opportunity to interview all prospective witnesses known to the Government. (Dkt. No. 56 at ¶ 41). The Government argues that it has no

duty to disclose its witness list before trial and therefore, the defense has no right to interview prospective Government witnesses. (Dkt. No. 57 at 23). Fed R. Crim. P. 16 "does not require the Government to furnish the names and addresses of its witnesses in general." *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). "District courts can compel pretrial disclosure of the identity of Government witnesses" if the defendant makes "a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case." *Id.* at 139-40 quoting *United States v. Cannone*, 528 F.2d 296, 300-01 (2d Cir. 1975) (emphasis added). Defendant does not make any showing to support this motion. For this reason, the Defendant's request is DENIED without prejudice to renew his motion before the District Court Judge.

Motion 9: *Request of Defendant for Rule 16 Discovery*

Defendant moves for discovery and inspection pursuant to Fed R. Crim. P. 16 ("Rule 16"). Defendant moves for Rule 16 discovery both generally and as to specific items throughout its omnibus motion. Fed R. Crim. P. 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702,

703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

In his omnibus motion, defendant requests extensive discovery material under Rule 16 including, *inter alia*, any written or recorded statements made by the defendant in the Government's possession, any written records in possession of the Government containing the substance of any oral statement made by the defendant made during an interrogation; any recorded testimony of the defendant before a relevant grand jury; Defendant's prior criminal record; all books, papers, documents, photographs, tangible objects, etc. in the possession of the Government which are material to the preparation of the defense or that the Government will use in its case-in-chief which belong to the Defendant or the Government obtained from the defendant; all results of physical or mental examinations which are in the possession of the Government, all relevant 302s and FBI reports; and all audio recordings, audible or inaudible, of the defendant referring to the current charges.

Defendant has made no claim, either in his papers or at oral argument, that the Government has not responded to his request for Rule 16 discovery. In fact, defendant prefaces his request for Fed R. Crim. P. 16 discovery in his papers with the following statement: "To the extent same has not already been produced to the defense in the spirit of voluntary discovery...." Dkt. No. 56 at ¶ 42. The Government has responded both in its papers and at oral argument that it had complied with all of the requirements of Fed R.

Crim. P. Rule 16 and will continue to do so. (See Dkt. No. 57 at 23). For these reasons, defendant's general motion for this discovery is DENIED.

Motion 10: _Motion for Disclosure of Impeachment Evidence_

Defendant next moves for an order disclosing any evidence that could be used to impeach Government witnesses including Government agents. (Dkt. No. 56 at ¶ 43). The Government responds that it is well aware of its obligations under _Brady_, _Giglio_, and its progeny. (Dkt. No. 57 at 28). The Government also represents that it has a policy for reviewing the files of Government agents for possible impeachment material. (Dkt. No. 57 at 28). In the event it finds any impeachment material or any questionable material generally, the Government will submit it to the District Court for _in camera_ review and determination. _Id._

This motion is simply a reiteration of the _Brady_ and _Giglio_ motions previously made by the Defendant. For the reasons outlined previously in this decision as to those motions and given the Government's representation with respect to this motion, Defendant's motion is DENIED.

Motion 11: _Motion Concerning Electronic Surveillance_

Defendant next moves for an order compelling the Government to disclose all electronic surveillance taken of Defendant's voice. (Dkt. No. 56 at ¶ 44). The Government responds that it did not utilize any Title III or state wiretaps during the investigation. (Dkt. 57 at 28). Given the Government's representation and the lack of anything rebutting this representation, the motion is DENIED.

Motion 12: _Motion for Non-Electronic Surveillance Information_

Defendant next moves for an order requiring the Government to confirm or deny any non-electronic surveillance and to preserve any reports or other documents relating to the Defendant under Fed R. Crim. P. 16(a)(1)(C). (Dkt. No. 56 at ¶ 46). The Government responds that Fed R. Crim. P. 16(a)(1)(C) only applies to organizational defendants. (Dkt. No. 57 at 28) and the Court should deny the motion on that basis.

Fed R. Crim. P. 16(a)(1)(C) states:

(a) Government's Disclosure.
    (1) Information Subject to Disclosure.
    . . .

    (C) Organizational Defendant. Upon a defendant's request, if the defendant is an organization, the Government must disclose to the defendant any statement described in Rule 16(a)(1)(A) and (B) if the Government contends that the person making the statement:
        (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or
        (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

The Court agrees with the Government that Fed R. Crim. P. 16(a)(1)(C) only applies to organizational defendants. As the Defendant in this case is an individual, Defendant's motion is DENIED.

Motion 13: _Motion to Compel Production of Statements of Witnesses Who Will Not Be Called At Trial_

Defendant moves for an order to compel the Government to produce any interview memoranda and reports made from interviews with witnesses the Government has decided not to call. (Dkt. No. 56 at ¶ 47). However, this request excludes any reports of interviews or statements made by prospective Government witnesses. _Id._ at ¶ 48. The

Government responds that this request lacks merit and should be denied. (Dkt. No 57 at 29). However, the Government also notes that, to the extent this is an attempt by the defendant to identify *Brady* material, it is well aware of its *Brady* obligations and will comply with them. The Government notes that the defense has failed to cite any authority for the request. The Court would note that the Government has not cited any authority in opposition either.

There is no obligation for the Government to produce the statements of individuals who are not testifying at trial. *United States v. Rigas*, 583 F.3d 108, 125-26 (2d Cir. 2009). However, in the event a non-testifying witness's statement contains exculpatory information or information that would impeach the credibility of a Government witness, that material is subject to disclosure pursuant to *Brady* and *Giglio*. Subject to these conditions, the Defendant's motion is DENIED.

Motion 14: *Motion for In-Camera Inspection of Internal Affairs Files and Production of Exculpatory Data*

Defendant next moves for an order requiring the Government to produce the personnel and internal affairs files of all law enforcement agents, officers, and other employees who will testify in this case for in camera review by the Court for any exculpatory information and for production of any exculpatory information to the Defendant. (Dkt. No. 56 at ¶ 49. As with Defendant's motion for impeachment evidence, the Government responds that it is well aware of its obligations pursuant to *Brady* and *Giglio*. (Dkt. No. 57 at 29). Furthermore, the Government also represents that it has a policy for reviewing the files of Government agents for possible impeachment material. (Dkt. No. 57 at 28). In the event it finds any impeachment material or any questionable

material generally, the Government will submit it to the District Court for *in camera* review and determination. (Dkt. No. 57 at 28).

This motion is simply a reiteration of the *Brady* and *Giglio* motions and the motion for impeachment material discussed above. For the reasons outlined previously in this decision as to those motions and given the Government's representation with respect to this motion, Defendant's motion is DENIED.

Motion 15: *Motion for Disclosure of Evidence the Government Intends to Rely Upon at Trial Pursuant to Fed. R. Evid. 404(b) and 807 (Residual Exception to the Hearsay Rule*

Defendant moves for disclosure of any evidence the Government intends to use at trial including, but not limited to: "seized tangible objects, documents, statements or other evidence which may be utilized for any purpose pursuant to Fed. R. Evid. 404(b) and 807. (Dkt. No. 56 at 16).

With respect to Fed R. Evid. 404(b), the Government states in its papers that it intends to introduce the following at trial: "all prior criminal conduct act or wrongs for the purpose of showing proof of [the] defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." (Dkt. 57 at 31). The Government also notes that it will provide Defendant with more definitive 404(b) notice when ordered by the trial judge. *Id.*

With respect to Fed R. Evid. 807, the Government notes in its response papers that it "does not intend to introduce any evidence pursuant to Rule 807." (Dkt. 57 at 31). However, the Government also represents that to the extent it becomes aware of any evidence within the scope of 807, it will provide notice consistent with the requirements

of that rule. *Id.* Based on the Government's representations described above, Defendant's motion with respect to Fed. R. Evid. 404(b) and 807 is DENIED.

Motion 17: *Motion for Production of Mental Health Records of Government Witnesses*

Defendants move under Fed R. Crim. P. 16(a)(1)(D) to the compel the Government to produce the mental health records of any witness for the Government. (Dkt. No. 56 at ¶¶ 52-53). The Government responds that it does not have access to the mental health records of witnesses. (Dkt. No. 57 at 33). However, the Government notes that if it becomes aware of any information about the mental health of witnesses that could be used as impeachment material against a witness, it will disclose that information to the defense or present it *ex parte* to the District Court Judge for review to determine what information should be disclosed to the defense.

Defendant's request for this information appears to fall within the orbit of other discovery requests, *inter alia*, his motions for discovery under Rule 16 and *Brady* material. Given the Government's representations with respect to those motions and its representations with respect to this specific motion, the motion is DENIED.

Motion 18: *Motion for Disclosure of Mail Cover*

Defendant next makes a motion seeking disclosure of any mail or other correspondence sent to or by the Defendant, any co-conspirator, or to Defendant's counsel through the United States Postal Service that has been or is now being intercepted. (Dkt. No. 56 at ¶¶ 54-55). The Government responds that it did not utilize mail cover during the investigation of this matter. (Dkt. No. 57 at 34). Given this representation, the motion is DENIED.

Motion 19: *Motion to Compel Early Disclosure of Grand Jury Testimony*

The defense moves for an order to disclose and produce ministerial procedures and records of the Grand Jury. (Dkt. No. 56 at ¶ 56). The Government argues that Defendant has failed to demonstrate a particularized need for this information as required by Fed R. Crim. P. 6(e) and cases such as *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).

Fed R. Crim. P. 6(e)(3)(E)(ii) states: "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

In *Pittsburgh Plate Glass Co.*, the Supreme Court stated that there is a "long-established policy of secrecy" associated with grand jury proceedings. 360 U.S. at 399 (internal quotes and citations omitted). However, the Supreme Court also noted that "[i]t does not follow . . . that grand jury minutes should never be made available to the defense. *Id.* at 400. As a general rule, "disclosure is wholly proper where the ends of justice require it." *Id.* (internal quotes and citations omitted). For example, a "trial judge may in the exercise of his [or her] discretion order the minutes of a grand jury witness produced for use on . . . cross-examination at trial." *Id.* (internal quotes and citations omitted). However, the burden "is on the defense to show a particularized need exists for the minutes which outweighs the policy of secrecy." *Id.*

Defendant's request is a standard request that provides no additional information that demonstrates a specific need for the minutes. The request does not invoke Fed R.

Crim. P. 6(e) or another other reason for the testimony as required by *Pittsburgh Plate Glass Co.* For this reason, the Defendant's motion is DENIED.

Motion 20: *Motion for Government to Transcribe Grand Jury Testimony*

The defense next moves for an order to transcribe the grand jury testimony pursuant to *Brady* but offers no additional information to the request. (Dkt. No. 56 at 57). The Government argues that Fed R. Crim. P. 16(a)(1)(B)(iii) "only authorizes disclosure of the defendant's own recorded testimony before a grand jury relating to the charged offense." (Dkt. No. 57 at 35).

As noted above, the Supreme Court stated that there is a "long-established policy of secrecy" associated with grand jury proceedings. *Pittsburgh Plate Glass Co.*, 360 U.S. at 399 (internal quotes and citations omitted). However, the Federal Rules of Criminal Procedure provide certain instances where the defense can obtain copies of the proceedings. Fed R. Crim. P. 16(a)(1)(B)(iii) "only authorizes disclosure of the defendant's own recorded testimony before a grand jury relating to the charged offense."

The Government represents that the Defendant did not testify before any grand jury about the allegations for which the Defendant is charged. (Dkt. No. 57 at 35). As the Defendant did not testify, he is not entitled to the relief sought. For this reason, Defendant's motion is DENIED.

Motion 21: *Motion to Allow Inspection of All Evidence Subpoenaed or Presented to the Indicting Grand Jury*

Defendant next moves pursuant to Fed R. Crim. P. Rules 6, 12, and 16 to allow the defense to inspect all evidence subpoenaed or presented to the indicting grand jury. (Dkt. No. 56 at ¶ 58). As with the previous grand jury motion, the Government argues that Fed R. Crim. P. 16(a)(1)(B)(iii) "only authorizes disclosure of the defendant's own recorded testimony before a grand jury relating to the charged offense." (Dkt. No. 57 at 35). The Government again represents that Defendant did not testify before any grand jury relating to the charged offense. Therefore, the defense is not entitled to inspect the requested evidence. In the absence of any additional information from the defense, the Court agrees with the Government. For these reasons, Defendant's motion is DENIED.

Motions 22 and 23: *Motion for Early Production of Jencks Act Material*

Defendants request the early disclosure of all statements and reports of witness statements and reports of witnesses the Government intends to call at trial or any other pre-trial hearing sufficiently in advance of any trial or hearing to permit adequate defense preparation. (Dkt. No. 56 at ¶ 59).

The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). 18 U.S.C. § 3500 requires that the Government, on motion of defendant, to disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony ("3500 material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement

however taken or recorded made by the witness to the grand jury. 18 U.S.C. § 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. § 3500(a); Fed R. Crim. P. 26.2(a).

The Government indicates that it will disclose all 3500 material at the time set by the District Court. However, the Government reserves the right to withhold witness statements until a witness has completed direct testimony, as required by law, where the Government believes that production of the witness' statement prior to trial would expose the witness to retaliation or danger to the witness or his or her family. In light of these representations and the relevant statutory provisions, Defendant's request for early disclosure of witness statements is DENIED.[3]

Defendants also move for the identification and assurance of production of materials including witness interviews, agent notes, and communications which may not fall directly under the statutory definition of "statement" under 18 U.S.C. § 3500 but which could arguably be considered *Jencks Act* material. (Dkt. No. 56 at ¶ 60).

The Government responds in its papers that it has advised its investigators to retain all notes. The Government further responds that, on the condition that the Defendant agree to any necessary protective order, it will endeavor to provide all witness statements required by 18 U.S.C. § 3500 sufficiently in advance of trial, consistent with the timing of other filings set forth in the Court's pretrial scheduling orders." (Dkt. No. 56

---

[3] To the extent defendant is requesting statements of non-testifying witnesses with this request, this motion is also DENIED. As previously stated, the Government has no obligation to produce the statements of individuals who are not testifying at trial. *United States v. Rigas*, 583 F.3d 108, 125-26 (2d Cir. 2009). However, in the event a non-testifying witness's statement contains exculpatory information or information that would impeach the credibility of a Government witness, that material is subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

at 37). Again, given these representations, Defendant's requests for these materials is DENIED.

Motion 24: *Motion to Limit the Introduction of Co-Conspirator's Declarations*

Defendant moves under Fed R. Crim. P. 104 and Fed. R. Evid. 801 to limit the introduction of co-conspirator's declarations which the Government intends to introduce during trial and requests a pre-trial hearing to determine whether sufficient indicia of reliability exists for each co-conspirator's statement(s). (Dkt. No. 56 at ¶ 62). The Government argues that any decision about the admissibility of these statements is for the District Judge to make before trial. (Dkt. No. 57 at 37). The Government further argues that these statements are outside the scope of Rule 16 and, therefore, not subject to pretrial disclosure under settled law. *Id.* at 37-38.

The Court agrees with the Government that these statements are not within the purview of Rule 16 disclosure. To the extent that the statements in question constitute 3500, *Giglio* or *Brady* material, those statements will be disclosed in accordance with the procedures discussed above. Otherwise, Fed. R. Evid. 801(d)(2)(E) does not contain a requirement as to pretrial notice of statements. Furthermore, any decision about limiting the use of these statements during trial is a matter for the trial judge at the time the Government is required to make its proffer for a ruling under Fed R. Crim. P. 104(a) that the statements are admissible at trial. For these reasons, the defendant's request is denied without prejudice to renew their motion before the District Court Judge.

Motion 25: *Motion for Pretrial Disclosure of Co-Conspirator Statements and Statements of Defendant to Third Parties*

Defendant next moves for pretrial disclosure of co-conspiratorial statements and statements of defendant to third parties. (Dkt. No. 56 at ¶ 64). The Government in turn argues that the Jenck's Act rather than Rule 16 governs the discovery of this material. (Dkt. No. 57 at 39). The Court agrees with the Government for reasons explained previously in this decision. The Court accepts the representations of the Government that it will comply with the applicable discovery requirements. Therefore, the defendant's motion is DENIED.

Motion 26: *Motion for Separate Pretrial Hearing Regarding Existence of Conspiratorial Agreement Prior to the Admission of Co-Conspiratorial Hearsay Pursuant to the Provision of Fed. R. Evid. 801(b)(2)(E).*

Defendant moves for the Court to require the Government to present all evidence that establishes the conspiracy Defendant is charged with in the superseding indictment. (Dkt. No. 56 at ¶ 65). The Government responds that "the admissibility of co-conspiratorial statements is a matter for the District Court Judge to determine at the time of trial" and, therefore, the Court should deny defendant's motion. (Dkt. No. 57 at 40).

For purposes of clarity, the Court is interpreting Defendant's motion as a request under Fed. R. Evid. 801(d)(2)(E), as this citation deals with the subject matter raised by defendant. However, the Court notes that this is a "definition" section and Fed. R. Evid. 801(d)(2)(E) does not contain a requirement as to pretrial notice of statements. While defendant's request asks for all evidence, this specific section deals with statements only. The Court has already addressed this previously in this opinion. In addition, as noted above, the admissibility of any co-conspirator statements is best addressed by the District Court Judge. For this reason, the Defendant's request for production is DENIED and the

request for a pretrial hearing is DENIED without prejudice to renew his motion before the District Court Judge.

Motion 27: *Bruton Request and Reservation of Right to Make Evidentiary Application in Limine*

Defendant next makes a request under *Bruton v. United States,* 391 U.S. 123 (1968) for an order requiring the Government to redact any portions of any oral or written statements or confessions by any non-testifying co-defendants or co-conspirators that the Government intends to introduce at trial that may tend to inculpate the defendant. (Dkt. No. 56 at ¶¶ 66-67). The Government, perhaps through inadvertence, does not respond to this motion. However, as a general rule, this type of motion is best considered by the trial judge. *United States v. Anguiera*, 11-CR-116; 2012 U.S. Dist. LEXIS 51862 (WDNY April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements…[i]s better considered by the District Judge prior to trial and deferred for that consideration"). For this reason, the Defendant's request is DENIED without prejudice to renew his motion before the District Court Judge.

Motion 28: *Motion for Severance Pursuant to Fed R. Crim. P. 14(a)*

The Defendant reserves its right to move for severance before the District Court Judge after the Government moves for a trial date and the parameters of the trial become apparent to the parties, or at any time the Court may direct. (Dkt. No. 56 at ¶ 68). Again, the Government does not address this argument. This motion is not applicable right now because the Defendant does not have any co-defendants. For this reason, the Court did not consider the motion. However, should this change, the Defendant may make this motion before the District Court Judge trying the case. *See United States v. Mireles*, 08

CR 34, 2009 U.S. Dist. LEXIS 109176 (WDNY Nov. 23, 2009) (Severance motions "are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented.").

Motion 29: *Motion for Leave to File Additional Motions If Deemed Necessary, After Court has Ruled on the Pending Application and After Discovery Has Been Completed*

Defendant also moves to reserve the right to make further motions as necessary. (Dkt. No. 56 at ¶ 69). To the extent the Defendant intends to bring motions based upon new information or evidence that has not yet been disclosed, their request for leave to file additional motions is GRANTED. To the extent the Defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, Defendant' request is DENIED without prejudice to bring the motions upon a showing of good cause for the untimely filing.

Motion 30: *Motion for Joinder*

Defendant has moved to join in the discovery motion made by his co-defendant. (Dkt. No. 56 at ¶ 70). The Government opposes joinder on the basis that it has not been given sufficient notice. (Dkt. No. 57 at 42). However, neither the docket nor any of the charging documents reference a co-defendant. For this reason, the Court did not consider the motion.

*Motion for Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b) of the including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of Defendant and which Defendant intend to introduce as evidence at

trial, the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case, and a written summary of any expert witness testimony. (Dkt. No. 57 at 42-43). The Government's motion for reciprocal discovery is granted, and the defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed R. Crim. P. 16(c).

## **CONCLUSION**

For the foregoing reasons, Rhyan O. Stewart's pre-trial motions (Dkt. No. 56) are decided in the manner set forth above, and the Government's request for reciprocal discovery (Dkt. No. 57) is granted. The parties are directed to contact Judge Vilardo's chambers to schedule a trial date.

**SO ORDERED.**

Dated:    October 11, 2019
          Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge